[Cite as *In re D.M.*, 2023-Ohio-3575.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. John W. Wise, P.J.<br>Hon. Patricia A. Delaney, J. |
| D.M. | Hon. Andrew J. King, J. |
| A MINOR CHILD | Case No. 2023 CA 0001 |
| | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2017 AN 00230

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      October 3, 2023

APPEARANCES:

For Appellant MCJFS      For D.M.

DREAMA K. REESE      EARL DESMOND
619 West Marion Road      7 West High Street
Mount Gilead, Ohio 43338      Mount Gilead, Ohio 43338

Guardian ad Litem

WILLIAM LEBER
1420 Jewett Road
Powell, Ohio 43065

*Wise, P. J.*

**{¶1}**    Appellant Morrow County Job and Family Services appeals from the Journal Entry filed March 13, 2023, in the Morrow County Common Pleas Court, Juvenile Division, striking its Objections for the Record.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**    For purposes of this appeal, the relevant facts and procedural history are as follows:

**{¶3}**    This matter is dependency proceeding, pursuant to R.C. 2151, et seq., in the Morrow County Court of Common Pleas, Juvenile Division.

**{¶4}**    On December 14, 2017, a Complaint alleging Dependency of minor child, D.M. (DOB 08/21/2006)[1] and Affidavit in Support were filed in the Morrow County Court of Common Pleas, Juvenile Division, on December 14, 2017.

**{¶5}**    On November 2, 2018, a Motion to Modify Disposition to Permanent Custody to Morrow County Job and Family Services (MCJFS) and Case Plan were filed.

**{¶6}**    On August 6, 2019, this matter came on for dispositional hearing upon the Motion to Modify Disposition to Permanent Custody to MCJFS, although incorrectly docketed as a "Restitution Hearing", whereupon the trial court approved a Voluntary Surrender of Custody of the minor child, D.M., into the permanent custody of MCJFS, in accordance with Juv. R. 38(B).

---

[1] Appellant's brief incorrectly contains the wrong date of birth of 03/14/2004 for the minor child.

{¶7}    On August 23, 2019, the trial court issued a Judgment Entry journalizing the voluntary surrender of custody, approved on August 6, 2019, and placing the minor child herein, D.M., into the permanent custody of MCJFS.

{¶8}    The minor child herein remains in the Permanent Custody of MCJFS, subsequent to voluntary surrender of custody on or about August 6, 2019, journalized August 23, 2019, and pending adoptive placement.

{¶9}    On May 21, 2020, MCJFS filed a Motion to Set Annual Review Hearing. The first annual review hearing, subsequent to voluntary surrender on August 6, 2019, was timely scheduled for August 21, 2020.

{¶10}  On August 15, 2022, the trial court journalized the annual review hearing conducted in this matter on August 4, 2022, including a factual finding that:

MCJFS has made reasonable efforts to finalize the permanency plan, to wit: adoption. Those efforts include placement of the minor child in a residential treatment facility and presentation of potential adoptive families.

{¶11}  A Guardian *ad litem* Report was filed on August 4, 2022.

{¶12}  On February 10, 2023, this matter came on for discretionary case review hearing pursuant to R.C. §2151.417.

{¶13}  On February 10, 2023, MCJFS filed a Court Report documenting the efforts of MCJFS to finalize the permanency plan for D.M.

{¶14}  By Journal Entry filed February 24, 2023, the trial court issued a Judgment Entry stating, *inter alia*:

MCJFS **has not made reasonable efforts** (emphasis in original), as D.M. remains at Mohican awaiting placement in a foster care home that cannot

be provided at this time because MCJFS has a personnel issue and does not have adequate caseworkers available to complete its job.

{¶15}  On March 3, 2023, MCJFS filed a document captioned "Objections for the Record" wherein it asserts "that undersigned counsel on behalf of MCJFS is entitled, as a matter of law, to make a Record of her good faith objections and, further, that undersigned counsel is required to advise the Trial Court of possible appealable errors, plain errors and/or defects in these proceedings impacting substantial rights of parties herein."

{¶16}  On March 13, 2023, the trial court issued a Journal Entry overruling and denying MCJFS' Objections and ordering that the Objections of MCJFS, filed March 3, 2023, "be stricken from the record."

{¶17}  Appellant Morrow County Job and Family Services now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶18}  "I. THE TRIAL COURT ERRED AS A MATTER OF LAW UPON STRIKING MCJFS' OBJECTIONS FILED MARCH 3, 2023, FROM THE RECORD IN VIOLATION OF STATE AND FEDERAL DUE PROCESS PROTECTIONS REQUIRING NOTICE AND A MEANINGFUL OPPORTUNITY TO BE HEARD.

{¶19}  "II. THE TRIAL COURT ERRED AS A MATTER OF LAW UPON STRIKING MCJFS' OBJECTIONS FILED MARCH 3, 2023, FROM THE RECORD IN VIOLATION OF STATE AND FEDERAL DUE PROCESS PROTECTIONS THEREBY IMPROPERLY FORECLOSING MCJFS FROM SEEKING AND/OR OBTAINING LEGAL RECOURSE AND/OR REMEDY, TO WIT: APPELLATE REVIEW.

**{¶20}** "III. THE TRIAL COURT ERRED AS A MATTER OF LAW UPON STRIKING MCJFS' OBJECTIONS FILED MARCH 3, 2023, FROM THE RECORD WHERE THE TRIAL COURT FAILED TO MAKE FACTUAL FINDINGS ON THE RECORD, IN THE ABSENCE OF AN EVIDENTIARY HEARING, IN THE ABSENCE OF A GUARDIAN AD LITEM REPORT FILED IN CONFORMITY WITH SUP. R. 48.06, IN THE ABSENCE OF SWORN TESTIMONY PURSUANT TO EVID.R. 603, AND IN VIOLATION OF STATE AND FEDERAL DUE PROCESS PROTECTIONS THEREBY FORECLOSING MCJFS FROM OBJECTING TO THE ERRONEOUS AND PREJUDICIAL FINDING ON THE RECORD AT HEARING ON FEBRUARY 10, 2023."

### *Final Appealable Order*

**{¶21}** As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it *sua sponte.* See *Chef Italiano Corp. v. Kent State University,* 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker–Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

**{¶22}** To be final and appealable, an order must comply with R.C. §2505.02 and Civ.R. 54(B), if applicable. R.C. §2502.02(B) provides the following in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * *

**{¶23}** To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. §2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC,* 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

**{¶24}** Upon review, we find that the trial court's March 13, 2023, Journal Entry, does not determine the action or prevent a judgment as contemplated in R.C. §2502.02(B), nor does it contain the express Civ.R. 54 language that "there is no just reason for delay."

**{¶25}** Accordingly, the March 13, 2023, Journal Entry, the judgment appealed from, is not a final, appealable order. Therefore, this Court lacks jurisdiction to address Appellant's assignments of error.

**{¶26}** Accordingly, the appeal is dismissed.

By: Wise, P. J.
Delaney, J., and
King, J., concur.

JWW/kw  0927